

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 11, 1968

Mrs. Bess Blackwell                    Opinion No. M-191
Executive Secretary
State Board of Hairdressers   Re:   Whether under Section 5-a
  and Cosmetologists                 of Article 734-b, Vernon's
Sam Houston Building                  Penal Code, Junior Colleges
Austin, Texas   78701                 will be eligible for cos-
                                      metology courses the same
Dear Mrs. Blackwell:                  as vocational high schools.

        You request from this office an opinion as to the
above captioned matter.  You have also stated in your letter
that the Board members have felt that junior colleges are not
exempt under the above provisions, although public high schools
are considered exempt and that presently the Texas Education
Agency wishes to install cosmetology training courses in junior
colleges.

        Section 5(a) of Article 734b, Vernon's Penal Code,
reads as follows:

        "Sec. 5.   (a)   Any person, firm, association
    or corporation applying to the Board for an orig-
    inal certificate of registration or license, as a
    school of beauty culture, shall make such applica-
    tion in the form prescribed by the Board, giving
    the data and information required by the Board.
    The Board shall, in such applications, require
    such data, information and facts as it deems nec-
    essary to determine such applicant's compliance
    with this Act and his or its fitness to conduct
    and maintain such school.  No applicant for an
    original school license shall hereafter be grant-
    ed an original certificate of registration or
    license unless it shall have a building approved
    by the Board, having therein a minimum floor
    space of not less than three thousand , five hun-
    dred (3,500) square feet floor space in a modern

-911-

> fireproof building of permanent type construc-
> tion. Such space shall be divided into three
> (3) separate departments, viz: a theory class-
> room, a room for practical work for seniors,
> and a room for practical work for juniors, and
> shall have not less than two (2) modern, sani-
> tary toilets in separate rooms where there are
> male and female students, and shall possess
> and have installed the minimum equipment and
> apparatus required by the Board, sufficient to
> properly train and fully instruct a minimum of
> fifty (50) students at one time in all subjects
> of its curriculum; and such schools shall there-
> after maintain the premises and minimum equipment
> and apparatus; and such applicants shall furnish
> a good and sufficient surety bond payable to the
> State of Texas, conditioned to refund any unused
> portion of tuition paid if such school closes or
> ceases operation before courses of instruction
> have been completed. _Provided, however, that_
> _the requirements as to floor space, type of_
> _building, bond requirement and number of licens-_
> _ed instructors shall not apply to Public Voca-_
> _tional Schools._" (Emphasis added.)

The leading case upholding constitutionality of junior college districts is _Shepherd v. San Jacinto Junior College District_, 363 S.W.2d 742 (Tex.Sup. 1963). The Court in discussing the nature of junior college districts made the following observation at page 744:

> "Some difficulty of classification has
> arisen with reference to junior colleges and
> the regional districts supporting them. Un-
> doubtedly the framers of the Texas educational
> system envisioned a system of schools extending
> from those of an elementary grade to those of a
> university level, that is, elementary schools,
> secondary schools or high schools and colleges
> and universities. The junior colleges, developed
> for the most part since 1929, are sandwiched in,
> so to speak, between the high schools on one
> hand and the colleges or universities on the other
> hand. In certain respects, the junior college is
> what its name implies, that is, a school which is
> above the high school level yet one whose highest
> grade is below the educational level required for
> a degree from a university. _Yet, as pointed out_

by one of the briefs on file here, it would not be inappropriate to refer to the districts which support such schools as 'junior college districts' 'advanced independent school districts' or 'graduate high school districts.' The point of this is that junior colleges and their districts may in some instances be regarded as colleges and in other instances as schools in the nature of advanced high schools. The Junior College Act itself makes numerous references to independent school districts when delineating the powers and operations of a junior college district.

"The Texas junior college history bears some relation to the experience of other states with secondary schools, that is, high schools or college preparatory schools.

". . ." (Emphasis added.)

We may say that, dependent upon the curriculum any high school, junior college or university would be regarded as academic in some areas and vocational and technical in other areas.

A school of cosmetology is generally considered to be a vocational school as opposed to an academic school.

It is, therefore, the opinion of this office that junior colleges, which offer as a part of its curriculum, vocational instruction, fall within the proviso of Section 5-a of Article 734b, Vernon's Penal Code, and that the requirements as to floor space, type of building, bond requirement, number of licensed instructors, do not apply to such schools.

## S U M M A R Y

The last sentence of Section 5a of Article 734b, Vernon's Penal Code, which provides an exception for public vocational schools, applies to junior colleges of this State, which offer vocational instruction as a part of their curriculum, since a junior college may provide in its curriculum for terminal vocational and technical courses as well as preparatory academic courses.

Mrs. Bess Blackwell, page 4, (M-191)

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Pat Cain
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
John Reeves
Brock Jones, Jr.
W. V. Geppert
James Quick

A. J. CARUBBI, JR.
Staff Legal Assistant